[678 NYS2d 633]

In the Matter of Louis H. Benjamin, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 15, 1998

#### APPEARANCES OF COUNSEL

*Clarence Smith, Jr.,* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Louis H. Benjamin was admitted to the practice of law in New York by the Second Judicial Department on January 27, 1982. At all times relevant to these proceedings,

respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law based upon his willful failure to cooperate with the Committee in connection with a complaint alleging that respondent had neglected a client's civil matter. Upon receipt of the complaint in August 1997, the Committee mailed a copy to respondent, directing him to submit an answer within 20 days. No answer was submitted, whereupon the Committee sent a copy of the complaint by fax in November 1997, requesting that respondent verify its receipt by telephone. Upon receiving no such verification or any other communication from respondent by late December, the Committee sent a letter by regular and certified mail, return receipt requested, and advised respondent that, under 22 NYCRR 603.4 (e) (1) (i), his continued failure to cooperate with the Committee could result in his suspension. The Committee received no response to this letter as well.

In January 1998, the Committee contacted respondent by telephone and advised him to answer the complaint immediately; he said that he needed additional time to answer the complaint and resolve the matter because the client lived in Germany. However, he thereafter failed to submit a response or contact the Committee, and, on March 20, 1998, the Committee served respondent with a judicial subpoena duces tecum requiring his personal appearance before the Committee on March 27, 1998. Respondent did not appear but, shortly after the return date, he contacted the Committee and again requested additional time to resolve the matter. When no answer was forthcoming for another two months, the Committee sent a second subpoena on May 29, 1998, requiring respondent's appearance on June 4, 1998. Respondent neither appeared nor contacted the Committee.

Respondent's repeated failure to cooperate with the Committee in its attempt to investigate the subject complaint, as set forth above, warrants his immediate suspension. 22 NYCRR 603.4 (e) (1) provides that an attorney may be suspended during the pendency of an investigation into charges against him "upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Pursuant to clause (i), such a finding may be based upon, among other things, the attorney's failure to "comply with any lawful demand of this court or the Departmental Disciplinary Com-

mittee made in connection with any disciplinary proceeding". Having been given ample opportunity to answer the complaint, respondent has failed to provide any response or otherwise co-operate with the Committee in this matter; in particular, we note his failure to comply with the Committee's subpoenas. Indeed, respondent has failed even to respond to the instant petition, which was mailed to him on July 13, 1998.

Accordingly, the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court should be granted.

MILONAS, J. P., ROSENBERGER, WALLACH, ANDRIAS and SAXE, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.